

The Cherner Firm

> Application granted. A conference has been scheduled for April 1, 2026 at 12:00 p.m. to be held in Courtroom 520 of the White Plains courthouse.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>        February 18, 2026

Febr

BY ECF
Judge Philip M. Halpern
United States District Court SDNY
300 Quarropas St.
White Plains, NY 10601

Re:  Cherner v. CF Bankshares, Inc, et al. (24-cv-02812 (PMH))

Dear Judge Halpern:

This letter is submitted jointly pursuant to your rule 4(D) as a pre-motion letter prefatory to a motion to compel discovery pursuant to Fed.R. Civ. P. 37(a).

## 1. Plaintiff's document requests

We have served three sets of documents requests and have provided objections to the responses to the first two sets of requests; third set responses are still outstanding. Counsel have met and conferred with respect to the first two sets of document requests.

### a. First Document Requests

Our objects to defendants' responses to our first set of requests is attached as Exhibit A.

### a1. Portions of Board packages re BSA/AML or OFAC

Counsel has provided no excerpts on BSA/AML or OFAC (since I was supposedly also the OFAC Officer) from the Board packages. Each time a Board meets (usually monthly) there is a Board package comprised of an agenda and supporting documents for each topic. Each package would have BSA/AML and OFAC documents (including Cash Transaction Reports (CTRs) and Suspicious Activity Reports (SARs) filings). Since counsel went back to 2019 in their requests, we do the same here. Requests in this regard are #s 1, 3, 5, 10, 11, 16, 25, 26, 29, 36-46, 48-52, 52, 54-56 (including CTR/SAR slides, CTR/SAR slides, CTR corrections, Risk Assessments, and optimization reports, reported in BOD packages).

### a2.  Requests where counsel needs at least one month to search for documents

Counsel delayed producing documents for a number of requests and we are still awaiting production.  Requests in this regard are #s 13-16, 22, 25, 27, 29, 36, 37, 40, 53, 54, 57.

### a3.  Internal audit reports and workpapers for BSA/AML and OFAC audits

We are entitled to audit reports and workpapers for BSA/AML and OFAC audits, which are typically performed on an annual basis.  Counsel has produced "executive summaries"; we are entitled to the actual reports and workpapers (request # 23, second set requests #s 6, 7).

### a4.  BSA/AML and OFAC policies and procedures

Counsel has produced the BSA policy, but no other policies or procedures (request # 24).

### a5.  BSA optimization and validation reports, BSA/AML/OFAC Risk Assessments

We have requested the optimization reports for the BSA/AML monitoring system, BAM+ (request # 38), and BSA/AML and OFAC Risk Assessments (request # 39).

### a6.  BSA/AML and OFAC documents presented to Committees

We are entitled to BSA/AML and OFAC documents presented in packages or otherwise to Committees, which functions as arms of the BOD (requests #s 48, 50).

## b.  Second Document Requests

Our objects to defendants' responses to our second set of requests is attached as Exhibit B.

### b1.  Requests where counsel needs at least one month to search for documents

Counsel delayed producing documents for request # 3; we are still awaiting production.

### b2.  Employees terminated from 2021-2025 and who made such determinations

We seek documents on terminations and who approved same (requests #s 4 and 5).

### b3.  BSA Officer and backup from 2019 to present

We seek documents naming the BSA Officer/backup from 2019 to present (request # 8).

### b4.  McKinney's involvement in terminations, 2019-present

We seek documents on McKinney's involvement in terminations (request # 9).

## 2. Plaintiff's requests for admission

There were 100 requests for admission; updated requests (attached as Exhibit C) were made for requests which were neither admitted or denied.  Of these updated requests, #s 21-28, 31-33, 35, 42-46, 91, 93, 99, and 100 are still outstanding.

## Defendants' Response

## 1.    Plaintiff's Document Requests

### a.       The First Set of Document Requests

The requests at issue overwhelmingly relate to matters involving bank-wide BSA/AML/OFAC[1] compliance operations, internal audits, risk assessments, and broad Board-level materials spanning several years before and after Plaintiff's employment. Such materials bear no relevance to Plaintiff's discrimination claims and fall well outside the scope of discoverable information under Rule 26(b)(1).

Plaintiff seeks Board of Directors meeting minutes and Board packages from 2019 to present (Request Nos. 1, 3, 5, 10, 11, 16, 25–26, 29, 36–46, 48–52, 54–56).  However, Plaintiff's discrimination and contract-based causes of action turn on how CFBank treated him as an employee and not how CFBank's Board managed its broader regulatory obligations.[2]  Moreover, Defendants have already produced Board minutes and materials directly addressing the appointment of BSA Officers prior to, during, and following Plaintiff's tenure – including Board minutes that evidence Plaintiff's appointment to the position of BSA Officer.  Accordingly, Plaintiff's demands for such discovery are unrelated to his claims or Defendants' defenses.

---

[1] Bank Secrecy Act ("BSA"); Anti-Money Laundering ("AML"); Office of Foreign Assets Control ("OFAC").

[2] Significantly, Defendants do not assert any performance-based reason for Plaintiff's termination – rather, his termination was part of broader cost-saving measures, as Plaintiff was replaced with an existing employee who performed Plaintiff's role (in addition to her existing role) with no additional compensation.

Plaintiff relatedly asserts entitlement to five years of internal audit reports and workpapers for BSA/AML and OFAC audits in Request No. 23, though such documentation is similarly unrelated to any of Plaintiff's claims, Defendants, in good faith, produced summary documentation showing that CFBank's audit results were satisfactory from 2021 through 2024 (encompassing Plaintiff's period of employment from September 2022 through April 2023). Plaintiff's demand for all underlying workpapers is neither relevant to the claims and defenses nor proportional to the needs of this case. These materials contain extensive proprietary risk-assessment methodologies and granular testing details and are unrelated to any claim or defenses relating to discrimination, harassment, breach of contract, or pay disparity.

Plaintiff further seeks BSA/AML and OFAC policies and procedures (Request No. 24). Defendants have produced responsive policies from 2022 through 2024. Plaintiff's broader demand for "all iterations" of policies spanning periods outside of his employment is unrelated to any of Plaintiff's claims. Plaintiff's requests for optimization reports for the BSA/AML monitoring system, BAM+ (Request No. 38) and OFAC Risk Assessments (Request No. 39) relate to institution-wide risk management – not to Plaintiff's compensation, any alleged harassment he endured, or his appointment as BSA Officer. And Plaintiff's requests for Committee-level BSA/AML and OFAC presentations (Request Nos. 48-50) are merely duplicative of Plaintiff's other requests seeking financial and operational information completely unrelated to any claims or defenses.

Finally, Plaintiff has issued numerous requests directly or indirectly seeking communications (Request Nos. 13-16, 22, 25, 27, 29, 36, 37, 40, 53, 54, 57). Defendants have already produced communications with respect to Request Nos. 13-16, 27, 53, and 57. Moreover, as set forth in Defendants' Responses and Objections to Plaintiff's First Set of Document Demands and discussed during the parties' meet-and-confer calls, Defendants will produce non-privileged,

responsive documents that can be identified through a reasonable search of the ESI based upon mutually agreed upon ESI search terms and custodians. Plaintiff, to date, has not proposed custodians or search terms.[3] Defendants nevertheless have begun the ESI collection and review process and will issue supplemental production expeditiously.

> **b.    The Second Set of Document Requests[4]**

As noted above, Defendants are reviewing ESI and will promptly produce responsive documents to Plaintiff's request for communications regarding the placement of individuals to be appointed as BSA Officer on any BOD agenda during the relevant period (Request No. 3). However, Plaintiff's requests for documents relating to any employee terminated from 2021 through 2025, who made such determinations, and whether McKinney was involved in any termination during this period (Request Nos. 4, 5, and 9) are unreasonably overbroad and unrelated to Plaintiff's claims. Defendants have already produced documents reflecting the BSA Officer and backup during the relevant period (Request No. 8).

**2.    Plaintiff's Requests for Admission**

Defendants have served responses and objections to Plaintiff's Updated Requests for Admission on February 9, 2026.

Sincerely,

Dan Cherner, Esq.

/s/
Brian Shenker, Esq.

---

[3] Plaintiff had previously stated he was considering proposing search terms and custodians, though after several months Plaintiff only later explained that he did not want to "confine [him]self" to certain keywords and custodians. This has accounted for much of the delay – now, Defendants are working with an ESI team to conduct an appropriate search.

[4] Plaintiff served his third set of document demands on January 13, 2026, and Defendants issued their responses and objections thereto on February 9, 2026.