

The Cherner Firm

The discovery disputes raised in this letter will be discussed at the April 1, 2026 conference.

Mar SO ORDERED.

_____

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
      March 25, 2026

BY ECF
Judge Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:  Cherner v. CF Bankshares, Inc, et al. (24-cv-02812 (PMH))

Dear Judge Halpern:

This supplemental letter is submitted jointly pursuant to your rule 4(D) and pursuant to the March 12, 2026 letter memo endorsement re the 3rd set of document requests.

## 1. Plaintiff's 3rd set of document requests

Attached hereto are plaintiff's 3rd set of document requests, with defendants' responses and plaintiff's objections thereto.  Counsel have refused to produce any documents to these requests.

### a.  Request # 1:  ROE (from 2019 to present) BSA/AML/OFAC excerpts

BSA/AML/OFAC excerpts are relevant as to assessments of the sufficiency of defendant CF Bank's BSA and OFAC compliance programs, relative to what we know was there non-compliance in this regard.

### b.  Request # 2:  BSA/AML/OFAC audit reports from 2019 to present

Such audit reports are relevant as to the sufficiency of the audit function, in terms of determining or not determining that the BSA and OFAC compliance programs were sufficient/deficient.

### c.  Request # 3:  BSA/AML/OFAC audit workpapers

Workpapers for BSA/AML/OFAC audits are relevant to ascertain  documents/ information provided to auditors regarding BSA and OFAC compliance program sufficiency/deficiency.

**d.  Request # 4:  Findings/recommendations/observations re BSA/AML and OFAC compliance programs**

Findings, recommendations, and/or observations by regulators and/or auditors are relevant re BSA and OFAC compliance program sufficiency/deficiency.

**e.  Request # 5:  MRIAs, MRAs, and MRBs re BSA/AML/OFAC**

MRIAs, MRAs, and MRBs issued by regulators regarding the BSA and OFAC compliance programs are relevant re BSA and OFAC compliance program sufficiency/deficiency.

**f.  Request # 6:  Documents relating to the individuals appointed as BSA Officer**

Such documents are relevant re the qualifications of such individuals, BOD action/inaction regarding ensuring that such individuals were qualified, reporting by such individuals to the BOD, etc.

**g.  Request # 7:  Enforcement actions re BSA**

BOD resolutions, MOU's, and/or Cease & Desist/Consent Orders re BSA are relevant re the sufficiency/deficiency of the BSA compliance program.

**<u>Defendants' Response</u>**

Once again, Plaintiff raises discovery disputes that are simply unrelated to any claim or defense in this case and are far from proportional to the needs of this case. While Plaintiff's remaining claims involve allegations of discrimination and breach of contract (*i.e.*, not being appointed by CFBank's Board as BSA Officer), Plaintiff seeks discovery wholly unconnected to his legal theories. Like those requests raised by Plaintiffs in the First and Second Document Requests (*see* ECF No. 88), Plaintiff's Third Set of Document Requests seeks documentation involving bank-wide BSA/AML/OFAC compliance operations. In fact, Plaintiff's requests are explicitly pinpointed at addressing such compliance programs' "sufficiency/deficiency." The sufficiency of CFBank's compliance programs has no bearing on Plaintiff's claims and is not within the scope of discovery information under FRCP 26(b)(1).

Documents related to the sufficiency of such programs are unrelated to how Plaintiff was treated based on his protected categories or whether he was appointed BSA Officer by the Board. It seems that Plaintiff, acknowledging that there is no documentation to support his claims has shifted his efforts to attempt to discredit CF Bank in other matters by calling into question its compliance programs which have nothing to do with Plaintiff's claims.

Lastly, Plaintiff misstates Request No. 6, which actually requests "All documents indicating the individual appointed to be OFAC officer, from 2019 to present." In fact, Defendants have already produced documents responsive to this request and stated so in their response. Defendants referred Plaintiff to documents identifying the individual appointed to such position from May 2021 (approximately one year prior to the commencement of Plaintiff's employment with CFBank) through May 2025 (over two years after the end of Plaintiff's employment with CFBank).

Accordingly, Plaintiff's motion to compel with respect to the Third Set of Document Requests should be denied in its entirety.

Sincerely,

Dan Cherner, Esq.

/s/

Brian Shenker, Esq.